UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-1985**

CAROL FORREST,

   Plaintiff - Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

   Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:19-cv-00155-AWA-RJK)

Submitted: March 23, 2022         Decided: April 12, 2022

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Robert W. Gillikin, II, RUTTER MILLS, LLP, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Joel E. Wilson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carol Forrest appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of Forrest's application for disability insurance benefits. On appeal, Forrest argues that the ALJ erred by failing to include additional limitations in her residual functional capacity ("RFC") to account for her moderate limitations in concentration, persistence, and pace. We affirm.

"In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

In conducting the RFC assessment, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal quotation marks omitted). The ALJ

2

must consider the impact of "all of the claimant's medically determinable impairments of which the ALJ is aware, including those not labeled severe." *Shinaberry v. Saul*, 952 F.3d 113, 119 (4th Cir. 2020). An ALJ's findings regarding the severity of a claimant's mental impairments "are not an RFC assessment," as the ALJ's determination of a claimant's RFC "requires a more detailed assessment." SSR 96-8P, 1996 WL 374184, at *4 (July 2, 1996).

We have reviewed the record and discern no reversible error. The ALJ applied the correct legal standards in evaluating Forrest's claim for benefits and adequately explained why no additional restrictions to Forrest's RFC were necessary to account for her limitations.[*] Accordingly, we affirm the district court's judgment upholding the denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Forrest has submitted a Fed. R. App. P. 28(j) letter arguing that this court's recent unpublished decision in *Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540 (4th Cir. 2022) (argued but unpublished), establishes that limiting a claimant to performing tasks within "normal breaks" is insufficient to account for a moderate impairment in concentration, persistence, or pace. Unpublished opinions are not binding precedent in this Circuit. Moreover, as the Commissioner notes in his response, the issue in *Carr* was whether the district court abused its discretion by declining to remand that case for an award of benefits after finding that the ALJ had erred by failing to adequately explain his RFC assessment. *Carr*, 2022 WL 301540, at *3-*5. Here, by contrast, the ALJ adequately explained her RFC assessment.